Argued January 27, affirmed February 9, 1972

REED, *Appellant, v.* REED ET AL, *Respondents.*

493 P2d 728

*Paul Gerhardt,* Portland, argued the cause for appellant. With him on the briefs was Graham Walker, Portland.

*David W. Young,* Gresham, argued the cause for respondents. On the brief were Weiser & Young, Portland.

O'CONNELL, C. J.

This is a suit for a declaratory judgment in which plaintiff seeks to establish ownership in certain real property. The case was tried without a jury. Plaintiff appeals from a decree dismissing her complaint.

On July 1, 1958, plaintiff and her husband Joe Reed, now deceased, executed a deed naming as grantees their son Joseph Reed and his wife June, one of the defendants in this suit. The deed purported to convey approximately 20 acres of land with a reservation of a life estate in 1.4 acres upon which the grantors' dwelling was located. The deed was prepared by the grantors' attorney who recorded it and returned it to the grantors. The deed remained with the grantors and plaintiff still had possession of it at the time of the filing of this suit on August 10, 1970.

Plaintiff contends that title did not pass to Joseph and June Reed because there was no delivery of the deed, or if delivery was effected the title vested in the grantees for the purpose of giving the grantors' son Joseph the borrowing power to discharge a debt which the grantors owed to a Mr. Blair.

There was evidence to indicate that the grantors intended to transfer title for the purpose of putting the property beyond the reach of Mr. Blair, their principal creditor.

Defendants contend that the recording of the deed raised a presumption of delivery which was substantiated by plaintiff's own testimony admitting that the grantors intended to pass title in the grantees for the purpose of working out an arrangement with Blair for the discharge of the debt. Defendants argue that the close family relationship between the grantors and the grantees raised a presumption that the conveyance was intended as a gift,[1] or if it is found that it was not a gift, the only plausible explanation for the conveyance is that it was in fraud of creditors in which case equity will refuse relief to the fraudulent grantor.

The trial court found that plaintiff's evidence did not overcome the presumptions relied upon by defendants and that in addition plaintiff was barred by laches.

■■ We agree with the trial court's conclusions. The recording of the deed created a presumption of delivery which was not rebutted by plaintiff's evidence. The retention of the deed by the grantors did not negate delivery. We have explained in previous cases that delivery may be effected without a transfer of the deed itself.[2] As we said in *Halleck v. Halleck et al,* 216 Or 23, 28, 337 P2d 330 (1959), "delivery is effected by a mental, not a physical process." The evidence establishes that the grantors intended the deed to vest title in the grantees. The grantors manifested this intent by the execution and recording of the deed. Therefore title passed to Joseph and June Reed.

[1] Relying on Shipe et al v. Hillman, 206 Or 556, 292 P2d 123 (1956).

[2] See, e.g., Halleck v. Halleck, et al, 216 Or 23, 29, 337 P2d 330 (1959); Hanns v. Hanns, 246 Or 282, 296-297, 423 P2d 499 (1967).

It is argued that Joseph Reed divested himself of title by repudiating the conveyance. The evidence is not sufficient to support this contention.

Plaintiff would have us hold that if title is deemed to have passed to the grantees, it vested in the grantees as trustees of an express oral trust for the purpose of giving Joseph additional borrowing power. We find this explanation implausible. In fact, this explanation which plaintiff made at the trial was not consistent with her deposition in which she explained the transfer as an attempt to protect the property against the lien of a judgment in the event that Blair brought an action to recover the amount grantors owed him.

There is little evidence that is helpful in throwing light upon the grantors' purpose in making the conveyance. Both the grantors and grantees lived on the property and both contributed their efforts in farming it. The grantors paid most of the real property taxes. Defendant June Reed testified that there was an agreement that whoever benefited from the sale of berries grown on the property would pay the taxes.

We can find nothing in the conduct of the parties indicating that the grantees were not intended to have a beneficial interest in the property subject only to the grantors' life estate in a part. The fact that the grantors reserved a life estate in the 1.4 acres on which they had their home is, in itself, indicative of an intent to make a gift of the remaining portion of the tract.

It appears to us that the most plausible explanation for the conveyance is that the grantors saw it is a means of effecting two objectives; first, to make

a gift of the property to their son and his wife, and second, to put the property beyond the reach of their principal creditor.

Whether or not this is accepted as an explanation for the execution of the deed, the plaintiff cannot prevail in this suit because the evidence simply does not rebut the presumption of a gift arising out of the family relationship between the grantors and grantees.

The decree of the trial court is affirmed.