Argued June 7, reversed November 10, 1972

INGERSOLL, *Respondent, v.* INGERSOLL ET AL,
*Appellants.*

502 P2d 598

*Robert L. Stevenson,* North Bend, argued the cause for appellants.

*Gerald R. Pullen,* Portland, argued the cause for respondent.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE and BRYSON, Justices.

O'CONNELL, C.J.

This is a suit to impose a constructive trust upon real property consisting of 6.23 acres of land, with a house situated thereon. Defendants appeal from a decree in favor of plaintiff.

Originally, the property in question was owned by plaintiff, Evelyn Ingersoll, and her husband, William C. Ingersoll, who is now deceased. On August 21, 1942, plaintiff and her husband executed a warranty deed conveying the property to their children, William James Ingersoll and Marion Ingersoll (now Marion Utterback), who were then 16 and 15 years old respectively. The deed was recorded in the records of Coos County, Oregon on August 26, 1942.

The title to the property remained in the names

of William James and Marion except that two small parcels were cross-deeded between the Ingersoll children on August 27, 1952. On that date, William James conveyed to Marion and her husband approximately .75 acres of the property, and Marion and her husband conveyed 1.02 acres of the property to William James. In that same year Marion and her husband built a house on the parcel which was conveyed to her.

On May 29, 1954, defendants executed a deed conveying a life estate in the property (except as to Marion's .75 acre), to their parents William C. Ingersoll and plaintiff, Evelyn Ingersoll. The deed was recorded in Coos County, Oregon on June 5, 1954. Shortly thereafter, in 1955, William C. Ingersoll died.

Plaintiff seeks to impress a constructive trust in her favor upon the property in question. Plaintiff testified that she and her husband did not intend to convey the property to their children as a gift, but that the conveyance was made solely for the purpose of defeating creditors. She testified that shortly before her husband's death, she and her husband sought to have the defendants reconvey the property to them. She maintains that she thought that this was accomplished in 1954, and that it was only when she tried to sell the property later that she learned that the interest conveyed in 1954 was merely a life estate.

Defendants contend that the 1942 conveyance was a gift. Defendants, William James and Marion, testified that they were not aware of the conveyance when it was made in 1942, but that both parents had told them over the years that the property was theirs and that the title was in their names. They deny that their parents had requested a reconveyance of the property.

They also assert that the conveyance of the life estate in 1954 was upon their own initiative.

In imposing a constructive trust upon the property in favor of plaintiff, the trial judge started with the premise that under Oregon law a gratuitous conveyance from a parent to a child does not give rise to a presumption of a gift. He then applied the rule that if the validity of a gift between persons occupying a confidential relation to each other is attacked, the person asserting the gift must prove that it was made freely, voluntarily and with full understanding of the facts. The trial judge then found that the elements of a gift were not established.

■ The trial judge's conclusion is bottomed on two erroneous conceptions as to the applicable principles of law. Contrary to the trial court's assumption, a gratuitous transfer from parent to child is presumed to be intended as a gift. We so held in *Shipe et al v. Hillman,* 206 Or 556, 292 P2d 123 (1956).[1]

■ The trial court also incorrectly assumed that the relationship of parent and child, without more, constitutes evidence of a confidential relationship sufficient to create a presumption of fraud or undue influence. As explained in the Restatement (Second) of Trusts, § 2, *Comment b,* p. 7 (1959):

> "* * * A confidential relationship exists between two persons when one has gained the confidence of the other and purports to act or advise with the other's interest in mind."

The *comment* goes on to say that

> "* * * If one person is in a confidential, but not in a fiduciary relation to another, a transaction

---

[1] See also, Reed v. Reed, 261 Or 281, 493 P2d 728 (1972).

between them will not be set aside at the instance of one of them unless in fact he placed confidence in the other and the other, by fraud or undue influence or otherwise abused the confidence placed in him."

See also, I Scott on Trusts, § 2.5, p. 40 (3d ed 1967), who adds:

"* * * The burden of showing an abuse of a confidential relation is upon the person seeking to set aside the transaction."[2]

There was no evidence in the present case to show that in making the conveyance the grantors placed confidence in or relied upon the judgment of William James and Marion, who were only 16 and 15 years respectively at the time of the transfer.

■ Plaintiff argues that the intent to make a gift is negated by the evidence that the transfer was made to defeat grantors' creditors. We have recognized that the grantors' intent to place property beyond the reach of creditors does not necessarily negate the intent to make a gift at the same time. *Reed v. Reed*, 261 Or 281, 493 P2d 728 (1972).

Plaintiff also relies upon evidence of the conduct of the parties subsequent to the conveyance as reflecting upon the grantors' intent at the time of transfer. Thus, it is argued that the alleged request made to defendants in 1954 by plaintiff and her husband to reconvey the property was evidence of the original intent not to convey the beneficial interest in the property.

■ The inference relied upon by plaintiff is, at best,

---

[2] See also, Bradbury v. Rasmussen, 16 Utah2d 378, 401 P2d 710, 713 (1965) and Mannausa v. Mannausa, 370 Mich 180, 121 NW2d 423, 425 (1963).

weak since a subsequent request to convey, if there was one, does not necessarily negate a donative intent at the time of the original conveyance. We would not regard the evidence as sufficient to overcome the presumption of a gift.

As we have noted above, defendants in 1954 conveyed to the grantors a life estate. This would indicate that plaintiff and her husband regarded the fee as having originally vested in the children.[9] However, plaintiff contends that the conveyance of the life estate was not in accordance with the request to reconvey the fee and that she had assumed that the deed in fact reconveyed the entire interest in the land. On the other hand, defendants' evidence showed that plaintiff and her husband had not requested a reconveyance and that the reconveyance of the life estate was on defendants' own initiative.

To give any weight to plaintiff's evidence it is necessary to accept her assertion that she and her husband did not know that the deed conveyed a life estate only. Since we find this difficult to believe, we regard her evidence as insufficient to overcome the presumption that the original transfer was a gift.

Plaintiff also introduced evidence showing that she and a son by a prior marriage had made improvements on the property over a period of several years. We fail to see how this proves that defendants did not have the interest they claim. As a life tenant, plaintiff stood to benefit by improvements made upon the property. Even if the improvements were made in

---

[9] Cf., Reed v. Reed, *supra,* where we said: "The fact that the grantors reserved a life estate in the 1.4 acres on which they had their home is, in itself, indicative of an intent to make a gift of the remaining portion of the tract." 493 P2d at 729.

the mistaken belief that plaintiff was the owner in fee, we still do not see how this helps plaintiff's case if it is assumed, as we do, that defendants testified truthfully as to the reconveyance of the life estate.

5. Upon the basis of all of the evidence, we are convinced that plaintiff and her husband intended to make a gift of the property in question to their children. It is alleged that the deed executed and recorded in 1942 was not delivered by the grantors to their children. However, the recording of a deed creates a presumption of delivery.[①] The presumption was not overcome in this case.

The decree of the trial court is reversed.

McALLISTER, J., concurs in the result.

---

[①] Reed v. Reed, *supra;* Halleck v. Halleck, 216 Or 23, 337 P2d 330 (1959).